IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Patrick Geiger, ) | |
| ) | C/A No. 5:05-157-MBS |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R & O P I N I O N** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Movant Patrick Geiger, appearing *pro se*, is an inmate of the Federal Bureau of Prisons at Federal Correctional Institution-Williamsburg in Salters, South Carolina. On January 18, 2005, Movant petitioned this court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant argues that the court erred in calculating his sentencing guideline range by utilizing facts not proved to a jury beyond a reasonable doubt. Movant also argues that he received ineffective assistance of counsel.

This matter is before the court on Respondent's motion for summary judgment filed March 22, 2004. By order dated March 24, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedure and the possible consequences for failure to respond adequately. Movant filed a response in opposition to Respondent's motion on April 29, 2005.

## I. FACTS

On October 14, 2003, Movant pleaded guilty in the United States District Court for the District of South Carolina to conspiracy to possess with intent to distribute and distribution of 5

grams or more of cocaine base, commonly known as "crack," and a quantity of cocaine.[1] Movant was held responsible for a total of 89 grams of crack cocaine at sentencing. On March 30, 2004, he received a sentence of 296 months imprisonment and eight years of supervised release after the court determined that Movant qualified under U.S.S.G. § 4B1.1 as a "Career Offender." The court also applied a two-level enhancement to Movant's offense level for using a firearm during the underlying offense. See U.S.S.G. § 2D1.1(b)(1). Judgment was entered on the court docket on April 2, 2004. Movant did not appeal his conviction or sentence.

## II. LAW/ANALYSIS

Respondent moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment "shall be rendered forthwith when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees of Mayland Community College, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not [her]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue

---

[1] This was Count 1 of the two-count indictment, a violation of 21 U.S.C. § 841(a)(1) and 846.

for trial." Anderson, 477 U.S. at 249.

Movant first argues that "enhancements" applied by the court were improper in light of Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), because "they were not found by the jury beyond a reasonable doubt or were not admitted to by [Movant] . . . ." Movant's § 2255 Motion, 1. Movant contests the court's findings that he possessed a firearm during the underlying offense, that he should be held accountable for 89 grams of crack cocaine, and the court's determination that he was a "career offender" pursuant to U.S.S.G. § 4B1.1.

As a threshold matter, the court notes that Movant did not appeal his conviction or sentence and arguably has procedurally defaulted on this claim. Though a defendant may raise a claim in a habeas petition where he has procedurally defaulted by failing to raise that claim on direct review, he must first demonstrate cause for this failure and actual prejudice arising therefrom, or that he is actually innocent of the crime charged. United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). In this case, Movant has done neither. First, Movant makes no claim that he is innocent of the crime charged and restricts the arguments in his § 2255 motion to those relating to the calculation and duration of his sentence.[2] Second, Movant failed to argue at his original sentencing or on direct appeal that a jury, not the trial judge, must determine beyond a reasonable doubt the facts underlying the firearm enhancement, the calculation of drug weights, and the existence of prior convictions. Movant has not shown cause as

---

[2] To the contrary, Movant freely admits to the charged conduct in an affidavit accompanying his § 2255. See Aff. of Geiger, 1-2. Further, Movant acknowledges his prior convictions by stating that he agrees that "a defendant, situated as [Movant] here, with a record of prior criminal behavior is more culpable than first offenders and deserving of a greater punishment." Movant's § 2255 Motion, 4 (errors in original).

3

to why he did not make this claim at sentencing or on direct review. Accordingly, Movant cannot raise this claim now as he has procedurally defaulted. Summary judgment is granted to Respondents on this claim.

Regardless of whether Movant has procedurally defaulted, the court notes that Movant can not prevail on his claims relying on the Supreme Court's decisions in Apprendi and Blakely. Movant argues that, in light of Blakely, ". . . the career offender enhancement cannot be applied because [he] never consented to judicial findings." § 2255 Motion, 3. The determination that a defendant is a "career offender" is based on the defendant's age, the nature of the underlying offense, and the fact of prior convictions. U.S.S.G., § 4B1.1. The Supreme Court in Apprendi specifically noted that the fact of prior convictions need not be submitted to a jury and proved beyond a reasonable doubt to calculate an appropriate sentence. 530 U.S. at 490. Movant does not contest the underlying nature of his offense or the court's assessment of his age. He objects to the "career offender" enhancement only because the court accepted the fact of his prior convictions and used these convictions to calculate his sentence.[3] Because the Court in Apprendi specifically exempted prior convictions from its analysis, this claim fails as a matter of law.

To the extent Movant argues for relief under Blakely and Apprendi for the drug weight calculation and the firearm enhancement, these claims also fail. The Supreme Court noted with particularity in these decisions that it did not alter the sentencing scheme established by the Federal

---

[3] The court notes that Movant does not contend he is innocent of the conduct underlying his previous convictions. Instead, Movant makes a technical argument that "facts, such as prior convictions . . . . that cause an increase in the sentence vertically on the sentencing table cannot be applied unless the jury found the facts beyond a reasonable doubt, or the defendant admitted to the facts, or consented for the facts to be found by the judge." Movant's § 2255 Motion, 4 (errors in original).

Sentencing Guidelines. Apprendi, 530 U.S. at 497 n.21 ("The [Federal Sentencing] Guidelines are, of course, not before the Court . . . [and] therefore [we] express no view on the subject beyond what this Court has already held."); Blakely, 542 U.S. at 305 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."). Movant was sentenced pursuant to the Federal Sentencing Guidelines and Apprendi and Blakely provide him no relief.

Subsequent to Movant's conviction becoming final and the filing of his § 2255 motion, the Supreme Court decided United States v. Booker and held that the Federal Sentencing Guidelines are advisory. 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).[4] However, Movant can find no support for his underlying claims in the Booker decision, as the Court of Appeals for the Fourth Circuit has recently held that Booker does not apply retroactively to convictions, like Movant's, that became final before Booker was decided. United States v. Morris, 2005 U.S. App. LEXIS 23991 (4th Cir. 2005) ("[T]he rule announced in Booker is a new rule of criminal procedure, but it is not a watershed rule . . . [and] is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided."). Thus, even a review on the merits of Movant's first claim indicates that summary judgment in favor of Respondent is appropriate.

Movant's second ground for relief under § 2255 is that he received ineffective assistance of counsel in violation of his rights guaranteed by the Sixth Amendment. Specifically, Movant argues that his counsel at sentencing failed to object to the use of several of Movant's prior drug convictions, as articulated in paragraphs 35, 37, and 39 of his Pre-sentence Investigation Report ("PSR"), to increase his criminal history category. Movant's § 2255 Motion, 5. Movant claims that

---

[4] Movant cites Booker in his Response to Respondent's Motion for Summary Judgment. Response, 14.

these prior offenses "compris[ed] part of the conduct alleged in the count to which [he] pled guilty in this case." Id. at 6. Movant alleges "if counsel had objected at sentencing to the use [of these prior offenses, they] would not have been used as prior sentences to give [Movant] criminal history points." Id. As a result of this alleged failure to object, Movant received "five additional criminal history points." Id.

In order to obtain relief on a claim for ineffective assistance of counsel, Movant must satisfy the two-prong test articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, Movant must show that defense counsel's representation fell below "an objective standard of reasonableness." Id. at 687. Second, Movant must show that there is a reasonable probability that, but for defense counsel's errors, the result of the proceedings would have been different. Id. at 694.

In regard to the first prong, there is a strong presumption that defense counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. Id. at 688-89. Under the second prong, a reasonable probability is defined as a probability that is sufficient to undermine confidence in the outcome. Id. at 694. Stated plainly, Movant must show not only that defense counsel's conduct fell below a constitutionally acceptable level, he must also show that had his representation not been deficient, the outcome of his case would have been different.

There is no evidence that defense counsel's decision not to object to paragraphs 35, 37, and 39 indicates representation falling below "an objective standard of reasonableness." Id. at 687. To the contrary, the record reflects that Movant's counsel thoroughly investigated each of the prior convictions and determined that "there was no apparent overlap between the conspiracy to which

[Movant] pled guilty to and his prior offenses." Aff. of Attorney Cameron Littlejohn, 1. The record reflects that Movant's counsel asked for, and received, a continuance to fully investigate the validity of all of Movant's prior convictions. Tr. of Sentencing, 2. Thereafter, counsel notified the court and Senior U.S. Probation Officer Todd Salley that "he discussed with [Movant] each of the prior convictions . . . , researched the applicability of these prior convictions under the Guidelines . . . , [and] [i]t is agreed that [Movant] has at least two prior felony drug offenses as classified under the Career Offender Section of the United States of the United States Sentencing Guidelines." Letter to Todd Salley, March 16, 2004. Counsel noted at sentencing, in the presence of Movant, that "[Movant and he] have . . . gone through [Movant's prior convictions] and determined they are in fact valid convictions." Tr. of Sentencing 2-3. The decision to abstain from objecting to the questioned paragraphs came after clear discernment and is well within the boundary of "reasonableness" as articulated in Strickland.

Further, the court notes that counsel did not err in failing to object to Paragraphs 35, 37, and 39. Counsel cannot be held to be ineffective for failing to raise a meritless claim. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Bolender v. Singletary, 16 F. 3d 1547, 1573 (11th Cir. 1994). The conduct underlying the conspiracy indictment occurred exclusively in Calhoun County, South Carolina. See PSR, 3-5. However, the offense conduct outlined in paragraph 35 and 39 occurred in Lexington County, South Carolina. Id. at 9. The conduct outlined in paragraph 37 occurred in Richland County, South Carolina. Any argument that the conduct outlined in paragraphs 35, 37, and 39 constituted a portion of the underlying offense conduct would be meritless and

counsel cannot be deemed ineffective for choosing not to pursue such an argument.[5]

Even if the court were to conclude that the prior offenses were improperly included in PSR and counsel erred in failing to argue same, no harm would be suffered by Movant as paragraphs 31, 33, and 34 also contain prior convictions adequate to qualify Movant for a § 4B1.1 enhancement. See U.S.S.G. § 4B1.1 ("A defendant is a career offender if . . . (3) the defendant has *at least two* prior felony convictions of either a crime of violence or a controlled substance offense.") (emphasis added). Thus, even assuming counsel's failure to object "fell below an objective standard of reasonableness," Movant's second claim fails as he cannot show a reasonable probability that, but for the assumed errors, the result of the proceedings would have been different. Strickland, 466 U.S. at 694. Because there is no material factual dispute and the Strickland test is not satisfied, Respondent is entitled to summary judgment as a matter of law on the issue of counsel's failure to object to paragraphs 35, 37, and 39.

---

[5] Movant supports his argument that his prior convictions "overlap" the conduct underlying his indictment and guilty plea with an affidavit accompanying his response that states:

> I took drugs with me from Charley's residence in Calhoun County to sell, or when I went to visit family and friends in surrounding counties. . . . Even though my drug offenses occurred in counties other than Calhoun County the drugs originated in Calhoun County.

Aff. of Geiger, 2. Even assuming the truth of this statement and its relevance at sentencing, Movant failed to alert his counsel of this alleged fact and similarly failed to draw the court's attention to it during sentence. After reviewing the PSR and its assertion that the prior offenses detailed in paragraphs 31-39 qualified Movant for a § 4B1.1 enhancement, Movant had nothing to add when queried by the undersigned. See Tr. of Sentencing, 2, 5. Further, despite knowing at sentencing that he was subject to the § 4B1.1 enhancement as a "career offender," Movant said nothing as the Court adopted a guideline range of "34" and a criminal history category of "six" and as the court stated that he would be subjected to the possibility of between 262 and 327 months imprisonment and eight years of supervised release. Id. at 3.

8

## III.  CONCLUSION

For the reasons stated above, Respondent's motion for summary judgment is hereby **GRANTED**.  Movant's § 2255 motion is dismissed with prejudice.

**IT IS SO ORDERED**.

    /s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

December 16, 2005
Columbia, South Carolina